UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGIE SPIRO and PETRIT SPIRO,

                    Plaintiffs,

   -against-

THE UNITED STATES OF AMERICA,

                    Defendant.
-------------------------------------------------------------X

Civil Action No.: 15-CV-03886-RA

**COMPLAINT**

**PLAINTIFFS DEMAND TRIAL BY JURY**

Plaintiffs, by their attorney, THE DAUTI LAW FIRM, P.C., complaining of the defendant, upon information and belief, respectfully allege as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION FOR PERSONAL INJURIES

1. That this action is brought pursuant to 28 U.S.C. § 1346(b).

2. This action is based upon the Federal Tort Claims Act, 28 U.S.C. Section 1346 (b) and 2671-2680, as hereinafter more fully appears. The Court has personal jurisdiction over the defendant herein pursuant to Rule 4(i)(1)(A)-(C) of the Federal Rules of Civil Procedure. Venue is proper in this Judicial District pursuant to 28 U.S.C.S. § 1402(b).

3. Plaintiffs are individuals residing at 1945 Tomlinson Avenue, Bronx, New York 10461.

4. That at all times hereinafter mentioned, the plaintiffs ANGIE SPIRO and PETRIT SPIRO were and are residents of the County of the Bronx, State of New York.

5. That at all times herein mentioned, the Department of Health and Human Services was a Federal agency of defendant UNITED STATES OF AMERICA as defined by 28 U.S.C. § 2671.

6. That at all times herein mentioned, the Department of Health and Human Services owned Montefiore Medical Center, a medical facility located at 111 East 210th Street, Bronx, NY 10467.

7. That at all times herein mentioned, the Department of Health and Human Services operated the aforementioned medical facility located at 111 East 210th Street, Bronx, NY 10467.

8. That at all times herein mentioned, the Department of Health and Human Services controlled the aforementioned medical facility located at 111 East 210th Street, Bronx, NY 10467.

9. The Department of Health and Human Services, in accordance with Section 224(h) of the Public Health Service Act of 1992, has deemed Montefiore Medical Center a federally qualified health center and has deemed the Montefiore Medical Center and Patrick J. Nolan, D.D.S., to be employees of the United States.

10. That on or about August 4, 2014, the defendant, through its attorney, admitted that Montefiore Medical Center and Patrick J. Nolan, D.D.S. were acting within the scope of their employment with the defendant at the time of the incidents out of which Plaintiffs' claims arose.

11. As such, defendant United States of America is liable for any acts of negligence committed by Patrick J. Nolan, D.D.S. and Montefiore Medical Center, whether direct or vicarious, and/or any of its staff members, under the Federal Tort Claims Act.

12. That at all times herein mentioned, Montefiore Medical Center located at 111 East 210th Street, Bronx, NY 10467 held itself out as a health and dental care facility duly qualified and capable of rendering adequate medical and dental care, treatment and procedures to its patients and outpatients.

13. At all relevant times, Montefiore Medical Center operated as a medical/dental facility and solicited patients for dental care in exchange for payment, maintaining multiple offices for the practice of dentistry and implant surgery in Bronx County, New York.

14. That at all times herein mentioned, Patrick J. Nolan, D.D.S. was a dentist duly licensed by the State of New York.

15. That at all times hereinafter mentioned, defendant's employee, Patrick J. Nolan, D.D.S., held himself out to be a duly qualified dentist offering professional services to the public in general, and to the plaintiff, ANGIE SPIRO, in particular.

16. That at all times hereinafter mentioned, defendant's employee, Patrick J. Nolan, D.D.S., represented that he was competent to perform and render all the dental care, medical care, maxilla-facial surgical care, treatment, services and advice required by the Plaintiff ANGIE SPIRO.

17. That on or about the 1st day of August, 2013, and on a continuing basis thereafter,

through October 18, 2013, Patrick J. Nolan, D.D.S., for a good and valuable consideration, undertook and endeavored to, and did, advise and render dental and oral surgical treatment, including but not limited to bilateral sinus lifts and placing of implants, to plaintiff ANGIE SPIRO, professionally.

18. That on or about the 1st day of August, 2013, and on a continuing basis thereafter, through October 18, 2013, Montefiore Medical Center through its agents, for a good and valuable consideration, undertook and endeavored to, and did, advise and render dental and oral surgical treatment to plaintiff ANGIE SPIRO, professionally.

19. That during the aforesaid period of dental and oral surgical treatment and care, and, in particular, on or about the 18th day of October, 2013, defendant – through its employees Patrick J. Nolan, D.D.S., and Montefiore Medical Center with its employees, agents, designated physicians and dentists, nurses, interns, residents, and technicians – undertook and endeavored to perform, and did perform, certain medical treatment and invasive maxilla-facial surgical dental procedures, including but not limited to implant placements, upon the person of plaintiff ANGIE SPIRO, and undertook and endeavored to diagnose, treat and advise the plaintiff, professionally, prior to and subsequent to the performance of those invasive surgical dental procedures.

20. That the aforementioned operations, procedures, advice and dental treatment were given and rendered to plaintiff ANGIE SPIRO by the defendant's employees in an improper, negligent and careless manner in that defendant's agents failed to employ the skill, care and diligence commonly and ordinarily possessed by, and required of dentists and General Hospitals in the locality where defendant's employees practiced; in that they

failed to properly advise and instruct the patient with respect to the true nature of her medical and dental condition; in that they rendered a course of dental treatment and surgical procedures to the plaintiff that departed from the standard and accepted dental practice existing in the community at the time of treatment; in that they failed to properly diagnose, treat and prescribe for the plaintiff's dental condition; in that they failed to obtain, order and conduct proper, sufficient and timely history, clinical examination and diagnostic testing of the plaintiff prior to and subsequent to performing surgical operations and implant placement procedures upon her; in that they performed dental treatment and procedures upon the plaintiff in a careless and negligent manner; in that they failed to conform to the standards and practices of dentists, maxilla-facial surgeons and General Hospitals customarily performing said surgical implant placement, implant treatment and procedures in the community; in that Patrick J. Nolan, D.D.S. was negligent, careless and reckless while performing dental implant surgery on plaintiff; in that Patrick J. Nolan, D.D.S. was further grossly negligent and careless in undertaking himself to remove the implant he negligently drove into sinus and orbital bone thus causing even more damage and injury to plaintiff, and in that he failed to employ reasonable and proper practices and standards to provide for the health and welfare of his patient during the dental and surgical treatment of plaintiff ANGIE SPIRO.

21. Upon information and belief, the deviations from acceptable medical and dental practices and from the accepted standard of dental care by Patrick J. Nolan, DDS, include but are not limited to the following:

a. He did not possess that reasonable degree of general learning, skill, and competence that is ordinarily possessed in the rendition of such surgical dental services by personnel practicing their business and profession in the community; nor did he possess that degree of special knowledge, skill, and experience necessary in the exercise of his duties and responsibilities, and the application thereof in the services to plaintiff for which he was employed;

b. He did not use his best judgment in exercising his skill and applying his knowledge;

c. He did not follow accepted practices and procedures in the community and instead followed unaccepted practices and procedures;

d. He withheld from, and gave wrong or inadequate information and directions to plaintiffs and persons treating and curing plaintiff Angie Spiro as to the cause and nature of plaintiff's condition;

e. He rendered unnecessary services to plaintiff Angie Spiro;

f. He rendered services to plaintiff Angie Spiro in such negligent and improper manner as to cause her devastating injuries and he failed to take proper procedures to cure her or to prevent or diminish the effect of the injuries he caused to her; and

g. He rendered services to plaintiff Angie Spiro in such negligent and improper manner as to cause her devastating injuries and he undertook improper and negligent procedures – that he should not have undertaken – to cure her or to prevent or diminish the effect of the injuries he caused to her, thus causing even more injuries to her; and

h. He otherwise violated his duties and responsibilities and was negligent.

22. That by reason of the foregoing negligence and malpractice of defendant's employees, Patrick J. Nolan, D.D.S., and Montefiore Medical Center, plaintiff ANGIE SPIRO has been rendered blind and disabled, has experienced and will continue to experience pain and suffering, has sustained permanent personal injury, has been compelled to forego her

usual and customary duties and activities, and has been, and will be, caused to incur numerous and diverse expenses in an effort to cure and heal herself.

23. Plaintiff ANGIE SPIRO's injuries were caused or contributed to by the wrongful, improper, and unskillful dental treatment rendered by defendant's employees, Patrick J. Nolan, D.D.S., and other staff members of the Montefiore Medical Center including physicians, nurses, physicians' assistants, and other medical personnel, and plaintiff Angie Spiro did not contribute thereto.

24. As a result of the foregoing, plaintiff ANGIE SPIRO has sustained serious and severe permanent personal injuries with related past and future pain and suffering, and economic damages past, present, and future.

25. By reason of the foregoing, plaintiff ANGIE SPIRO has been damaged in the sum of SEVEN MILLION DOLLARS ($7,000,000.00) in compensatory damages.

26. That on or about the fifteenth (15th) day of August, 2014, plaintiff caused an executed Standard Form 95, Claim for Damage, Injury or Death or Injury and demand for damages to be served upon the defendant by delivering a copy thereof to the Department of Health & Human Services, Office of General Counsel, and US Department of Justice.

27. That on or about eighth (8th) day of September, 2014, Department of Health and Human Services, Office of General Counsel, acknowledged receipt of plaintiffs' administrative tort claim.

28. That six (6) months have elapsed since the presentation of this Claim and no action has been taken by the Department of Health & Human Services, Office of General Counsel, and said claim has been neither adjusted nor denied within the time limit set by statute,

and that this action was commenced within the time period prescribed by law, and all necessary and required legal conditions have been complied with.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## LACK OF INFORMED CONSENT

29. Plaintiffs repeat, reiterate and re-allege the allegations heretofore set forth within paragraphs denominated "1" through "28" with the same force and effect as if hereinafter set forth at length.

30. That the dental treatment and maxilla-facial surgical and invasive dental procedures performed upon plaintiff ANGIE SPIRO by the defendant's employees, Patrick J. Nolan, D.D.S., and Montefiore Medical Center were performed without the informed consent of the plaintiff in that the defendant's employees caused, conducted, permitted and allowed said dental treatment and invasive surgical procedures to be performed without conforming to standard and accepted medical practice in informing plaintiff of the reasonable risks and benefits inherent thereto and of the viable alternatives thereto.

31. That a reasonable person in plaintiff ANGIE SPIRO's circumstances, having been adequately informed of the risks, benefits and alternatives to defendant's employee's proposed treatment and invasive surgical procedure would not have consented thereto.

32. That by reason of defendant's employees performing the aforesaid dental treatment and invasive procedures without having obtained plaintiff ANGIE SPIRO's informed consent

thereto, plaintiff ANGIE SPIRO has been rendered blind, disabled, has experienced pain and suffering, has sustained personal injury, has been compelled to forego her usual and customary activities, and has been, and will be, caused to incur numerous and diverse expenses in an effort to alleviate the effects of her injuries.

33. That upon the foregoing failure to obtain plaintiff ANGIE SPIRO's informed consent, plaintiff ANGIE SPIRO has been damaged in the sum of TWO MILLION DOLLARS ($2,000,000.00) in compensatory damages.

### AS AND FOR A THIRD CAUSE OF ACTION FOR DERIVATIVE DAMAGES ON BEHALF OF PETRIT SPIRO

34. Plaintiffs repeat and reallege each and every allegation within paragraphs denominated "1" through "33" set forth above with the same force and effect as if more fully set forth at length herein.

35. That at all times hereinafter mentioned, plaintiff PETRIT SPIRO was and still is the husband of Plaintiff ANGIE SPIRO, with whom at all times herein mentioned, they resided and still reside and that this Plaintiff PETRIT SPIRO was and still is entitled to the services, companionship, love, affection, earnings and consortium of his wife, Plaintiff ANGIE SPIRO.

36. That by reason of the aforesaid occurrence, the negligence of the defendant and the injuries sustained by Plaintiff ANGIE SPIRO, the Plaintiff PETRIT SPIRO has been and

will be deprived of the society, companionship, services, earnings and consortium of his wife, and Plaintiff, PETRIT SPIRO has been compelled to and did expend sums of money for medical aid and attention in an effort to cure his wife of her said injuries, and upon information and belief, will be compelled to expend further sums of money in the future for said purposes.

35. That by reason of foregoing, plaintiff PETRIT SPIRO has sustained damages from the defendant in a monetary amount ONE MILLION DOLLARS ($1,000,000.00).

**WHEREFORE**, the plaintiffs demand judgment against the defendant on the causes of action herein alleged as follows:

**FIRST CAUSE OF ACTION:**     **SEVEN MILLION ($7,000,000.00) DOLLARS**

**SECOND CAUSE OF ACTION:**     **TWO MILLION ($2,000,000.00) DOLLARS**

**THIRD CAUSE OF ACTION:**     **ONE MILLION ($1,000,000.00) DOLLARS**

together with punitive damages, interest, legal fees and the costs of disbursements of this action.

Dated: New York, New York
       May 18, 2015

Yours, etc.,

THE DAUTI LAW FIRM, P.C.

By: _____

YLBER ALBERT DAUTI, ESQ. (0801)
Attorney for Plaintiffs
45 Broadway, Suite 3020
New York, New York 10006
(212) 566-4891

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANGIE SPIRO and PETRIT SPIRO,

                              Plaintiffs,

          -against-

THE UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------------X

**CERTIFCATE PURSUANT TO CPLR 3012(a)**

Civil Action No.:

       YLBER ALBERT DAUTI, ESQ., an attorney duly admitted to practice law in the State of New York affirms the truth of the following:

       I have reviewed the facts of the within action and same has been discussed with a dentist/maxilla-facial surgeon, who is licensed to practice in New York State and who is knowledgeable in the relevant issues involved in the within action. Based upon this review and consultation, I have concluded there is a reasonable basis for the commencement of this action.

Dated: New York, New York
         May 18, 2015

                                                             _____
                                                             YLBER ALBERT DAUTI, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGIE SPIRO and PETRIT SPIRO,

                         Plaintiffs,

    -against-

THE UNITED STATES OF AMERICA,

                         Defendant.

---

## SUMMONS AND COMPLAINT

---

THE DAUTI LAW FIRM, P.C.
Attorney for Plaintiff
45 Broadway, Suite 3020
New York, N.Y. 10006